```
         UNITED STATES DISTRICT COURT FOR THE
           WESTERN DISTRICT OF NORTH CAROLINA
                  CHARLOTTE DIVISION
                     4:96CV147-V
                    (4:94CR5-4-V)
```

| | | |
|---|---|---|
| **STEPHEN T. JONES,** | ) | |
| | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|        v. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Respondent.** | ) | |

**THIS MATTER** is before the Court on review of Petitioner's "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b) . . . ," filed June 7, 2007 (document #29). For the reasons stated herein, Petitioner's Motion will be denied.

Pertinent to this Motion, the record reflects that on July 7, 1994, a jury convicted Petitioner of conspiracy to possess with intent to distribute in excess of 50 grams of "crack cocaine" in violation of 21 U.S.C. §§ 841(a)(1) and 846. On January 19, 1995, the Court sentenced Petitioner to 330 months imprisonment. Thereafter, Petitioner appealed his case to the Fourth Circuit Court of Appeals; however, by unpublished opinion, the Circuit Court affirmed his conviction and sentence. United States v. Jones, No. 95-5043, unpublished (4th Cir. Dec. 28, 1995).

Then, on June 24, 1996, Petitioner filed a § 2255 Motion to Vacate alleging, among other things, ineffective assistance of

counsel due to counsel's failure to challenge the jury selection plan and process involved in his trial. However, in an Order filed July 19, 1999, this Court denied Petitioner's Motion to Vacate. On August 2, 1999, Petitioner filed a Motion for Reconsideration which was denied on September 29, 1999.

Petitioner then appealed this Court's dismissal of his Motion to Vacate and its denial of his Motion for Reconsideration to the Fourth Circuit Court of Appeals. Nevertheless, the Circuit Court denied Petitioner's request for a certificate of appealability, and dismissed his appeal. Jones v. United States, No. 99-7426, unpublished (4th Cir. Jan. 28, 2000). Additionally, on April 11, 2000, the appellate Court denied Petitioner's Petition for Rehearing and Rehearing En Banc.

Undaunted, on July 6, 2000, Petitioner filed a document captioned as a "Motion For Relief From Judgement" pursuant to "Rule 60(b)(1), (5) or (6) of the Federal Rules of Civil Procedure . . . ." By that Motion, Petitioner argued that his request for a certificate of appealability should not have been denied. However, Petitioner's Motion for Relief was denied by this Court on August 11, 2000. Once again, Petitioner appealed this Court's decision to the Fourth Circuit, but his appeal was dismissed. United States v. Jones, No. 00-7271, unpublished (4th Cir. Feb. 28, 2001). Likewise, Petitioner's subsequently filed Petition for Rehearing and Rehearing En Banc was denied. Thereafter, on October 3, 2001,

2

Petitioner's Petition for a Writ of Certiorari was denied by the United States Supreme Court.

Now, Petitioner has returned to this Court on the instant document, captioned as a "Motion Pursuant To Federal Rules Of Civil Procedure Rule 60(b) Challenging Movant's Habeas Judgment." In this Motion, Petitioner first contends that this Court erred in denying his habeas claim that his former trial counsel was ineffective for having failed to challenge the racial composition of his criminal jury. Second, Petitioner attacks his sentence based upon a recently adopted amendment to the U.S. Sentencing Guidelines.[1] However, Petitioner cannot demonstrate an entitlement to relief on either ground.

To be sure, in order for Petitioner to obtain review under Rule 60(b), he must allege: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is

---

[1] On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the U.S. Sentencing Guidelines. Such Amendment reduces the drug quantity thresholds in U.S.S.G. § 2D1.1 so as to assign, for crack cocaine offenses, base offense levels which correspond to guidelines ranges that include the statutory mandatory minimum penalties.

3

no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). As broad as that language may appear to be, it is clear that "Rule 60(b) does not authorize a motion merely for reconsideration of an issue . . . . Where the motion is nothing more than a request that the district court change its mind, [] it is not authorized by Rule 60(b)" U.S. v. Williams, 674 F.2d 310, 313 (4th Cir. 1982), citing 11 Wright & Miller, Fed. Prac. and Proc. § 2872 (1973); see also Adkins v. N.C. Att'y Gen., 217 F.3d 837 (4th Cir. 2000); U.S. v. Akas, 172 F.3d 45 (4th Cir. 1998); and Copley v. U.S., 106 F.3d 390 (4th Cir. 1997).

As to his first claim, Petitioner takes aim at the Court's determination that he failed to show any resulting prejudice in connection with his habeas claim that trial counsel was ineffective for failing to challenge the racial composition of his jury. In support of this first claim, Petitioner asserts that the Government previously failed to meet its burden under Federal Rule of Civil Procedure 56. Thereafter, Petitioner proceeds to re-argue the merits of his claim against counsel. Petitioner also submits certain demographic statistics from the counties in the Western District of North Carolina in an attempt to support his earlier assertion that his jury did not represent a fair cross-section of the community.

4

Consequently, inasmuch as it is clear that this first claim is little more than Petitioner's attempt to get this Court to revisit its earlier determination, he cannot proceed under Rule 60(b). That is, although Petitioner asserts that the Court's civil Judgment is void, he really is attempting to have the Court change its mind concerning the rejection of his claim against counsel. As has been stated, however, Rule 60(b) does not authorize such reconsideration. Furthermore, Petitioner's arguments were raised on appeal to the Fourth Circuit Court of Appeals, and that Court affirmed the decision of this Court. Therefore, this portion of Petitioner's Motion must be flatly rejected.

By his second claim, Petitioner seeks to have the Court "re-open his §2255 proceedings so that he may challenge his sentence under the 100-to-1 ratio for crack cocaine . . . " based upon a recently adopted amendment to the U.S. Sentencing Guidelines. Indeed, Petitioner wants to "re-open his §2255 proceedings" in order to have his sentence vacated and then have the Court retroactively apply the subject amendment. Petitioner asserts that the Amendment will lower his base offense by two levels.

However, because this claim obviously was not raised in Petitioner's original Motion to Vacate, it is a successive claim for which Petitioner was required to secure permission from the Fourth Circuit Court of Appeals before attempting to proceed here. That is, 28 U.S.C. §2244 directs petitioners to obtain pre-filing

5

authorization from the Fourth Circuit Court of Appeals before they can raise any successive claims at the district court level. While the Court is mindful that Petitioner is attempting to raise this claim under Rule 60(b), the Court also is aware that he cannot circumvent §2244 simply by calling his claim anything other than what it actually is--a successive collateral challenge to his sentence.[2]  Therefore, this portion of his Motion must be <u>dismissed</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Rule 60(b) Motion (document #29) is **DENIED in part and DISMISSED in part**.

**SO ORDERED.**

Signed: June 23, 2008

Richard L. Voorhees
United States District Judge

---

[2] As an alternative to asking the Fourth Circuit Court of Appeals for permission to bring a successive motion to vacate, Petitioner may choose to file a motion in his criminal case asking the Court to determine whether he is entitled to a sentence reduction under 18 U.S.C. § 3582(c).